# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3237EA

_____

Frank Watts, II,                                              *
                                                             *
                   Appellant,                                *
                                                             *     On Appeal from the United
          v.                                                 *     States District Court
                                                             *     for the Eastern District
                                                             *     of Arkansas.
Larry Norris, Director, Arkansas                             *
Department of Correction,                                    *
                                                             *
                   Appellee.                                 *

_____

Submitted:   November 18, 2003
Filed:   January 30, 2004

_____

Before RILEY, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

In this case we are asked to answer a question about the interaction of the federal one-year statute of limitations on habeas corpus petitions, 28 U.S.C. § 2244(d)(1), and an Arkansas procedure, Ark. R. App. P. — Crim. 2(e), providing, under certain circumstances, for a belated appeal from criminal convictions. The federal statute provides, with refinements not here relevant, that the one-year limitations period begins to run on "the date on which the judgment [of conviction in the state courts] became final by the conclusion of direct review or the expiration of the time for seeking such review . . .."  28 U.S.C. § 2244(d)(1)(A).  In a case where

a habeas petitioner has failed to file a direct appeal in the regular order, but has pursued his state-law right to seek a belated appeal, when does this period begin? Does it begin when his time for filing a regular direct appeal has expired, or does it begin at the conclusion of belated-appeal proceedings?

This question was alluded to, but not reached, in Wright v. Norris, 299 F.3d 926 (8th Cir. 2002). In the present case, we granted a certificate of appealability to answer this question. We conclude, however, that we cannot now reach it. Even if we answered the question in petitioner's favor, his habeas petition would still stand dismissed, because an adequate and independent ground, with respect to which a certificate of appealability has not been and cannot be granted, supports the judgment of the District Court, dismissing the petition.

I.

Some procedural history is necessary for an understanding of the issues presented. On December 15, 1998, petitioner was found guilty by a jury of multiple felony offenses. The sentence was life in prison. State v. Frank Watts, II, No. CR97-2871 (Cir. Ct. Pulaski County, Ark.). Judgment was entered on January 21, 1999. No timely appeal was taken. Mr. Watts then filed a motion in the Supreme Court of Arkansas for leave to take a belated appeal. Such appeals are permitted in some cases by Ark. R. App. P.—Crim. 2(e). The Supreme Court, finding the factual record before it insufficient, remanded the case to the Circuit Court for an evidentiary hearing to determine whether petitioner, within the thirty days normally allowed for appeal, had requested his appointed counsel to file an appeal. Frank Watts, II v. State of Arkansas, No. CR00-201 (Ark. April 27, 2000) (per curiam).

On remand, the Circuit Court held an evidentiary hearing and found as a fact that Mr. Watts had not advised his lawyer that he wanted to appeal, or at least had not done so within the time allowed for filing a normal notice of appeal. The Supreme

Court accepted this finding and denied the motion for belated appeal. <u>Frank Watts, II v. State of Arkansas</u>, No. CR00-201 (Ark. Sept. 28, 2000) (per curiam).

At this point, all proceedings in any way related to a direct appeal, or an effort to perfect one, were over. Petitioner then filed a motion for postconviction relief under Ark. R. Crim. P. 37. The Circuit Court of Pulaski County (with another judge presiding) denied the petition on the ground that Mr. Watts had not established that his lawyer had been guilty of ineffective assistance of counsel. (This was the ground asserted in support of the petition.) <u>State of Arkansas v. Frank Watts, II</u>, No. CR97-2871 (Jan. 4, 2001). Petitioner appealed this holding to the Supreme Court of Arkansas. That Court dismissed the appeal, not reaching the merits of petitioner's ineffective-assistance claim. The Supreme Court held that Mr. Watts's Rule 37 petition was untimely, and that he was thus procedurally barred from proceeding under that rule. The Court said:

> This Court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. . . . Criminal Procedure Rule 37.2(c) provides in pertinent part that a petition under the rule is untimely if not filed within ninety days of the date judgment was entered if the convicted defendant did not appeal from the judgment. As stated, appellant did not appeal from the judgment and he did not file his petition under Rule 37 until approximately twenty-one months after the judgment was entered. Time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, and a circuit court cannot grant relief on an untimely petition.

<u>Frank Watts, II v. State of Arkansas</u>, No. CRO1-544 (Ark. June 21, 2001) (per curiam), pp. 1-2.

The Court's opinion noted that a motion to proceed with a belated appeal had been filed and denied. The Court's holding that the Rule 37 petition was untimely is plainly based on the proposition that an unsuccessful attempt to pursue a belated appeal has no effect on the state-law time limit contained in Ark. R. Crim. P. 37.2(c). The Supreme Court denied a motion for reconsideration on September 27, 2001.

This was the end of proceedings in the state courts. Petitioner then filed the case before us, a petition for writ of habeas corpus, in the District Court. The State of Arkansas (in form, Larry Norris, Director of the Arkansas Department of Correction) asserted two procedural defenses: (1) that the petition was barred by the one-year federal statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1); and (2) that the petition was procedurally barred because none of the six grounds asserted by petitioner had ever been raised in the Arkansas state courts.

The case was referred to Magistrate Judge H. David Young, who prepared proposed findings and a recommendation to the District Court. The Judge recommended dismissal of the petition on both of the grounds asserted by the State. The merits of petitioner's claims (and they were, as before, based on his allegations of ineffective assistance of counsel) were not reached. Instead, dismissal was recommended on two independent grounds, either of which was sufficient to support this action: the federal habeas corpus statute of limitations, and the fact that petitioner's claims were procedurally barred because he had never raised them in the state courts. The second recommendation, of course, reflects the holding of the Supreme Court of Arkansas, under state law, that petitioner's postconviction petition was untimely, and that, therefore, it had no authority to reach the merits of his ineffective-assistance claims. The District Court[1] approved and adopted the findings

---

[1]The Hon. William R. Wilson, United States District Judge for the Eastern District of Arkansas.

and recommendations of the Magistrate Judge in their entirety. Judgment was entered accordingly. Thus, the result of the case in the District Court depends on two independent propositions, each of them adequate to support the judgment.

## II.

Petitioner then turned his efforts to this Court. He filed a motion for appointment of counsel, which we granted. In the same order, we granted a certificate of appealability, which is a condition precedent to the taking of an appeal from a district court to a court of appeals from a final order in a habeas corpus proceeding brought by a state prisoner. 28 U.S.C. § 2253(c)(1)(A). Later, in ruling on a motion for clarification filed by the State, we said:

> The Court intends to issue a certificate of appealability on only one issue: we note that the District Court decided this case before our decision in Wright v. Norris, 299 F.3d 926 (8th Cir. 2002), and did not discuss the interplay between Arkansas Criminal Appellate Rule 2(e) and the Anti-Terrorism and Effective Death Penalty Act. It appears the present case squarely raises the issue noted but not decided in Wright, 299 F.3d at 928 n.3. This is the issue on which a certificate of appealability is granted. A certificate of appealability is denied as to all the other issues in the case.

Thus, our order granting a certificate of appealability was made to comply with 28 U.S.C. § 2253 (c)(3), which requires that such a certificate "shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." The latter paragraph provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Our second order, therefore, indicated our view that petitioner had made such "a substantial showing" on the AEDPA limitations issue, but had not done so on any other issue, including the question of procedural default.

At the oral argument, we were made aware that the judgment of the District Court rested on two independent grounds, only one of which was properly before us. We raised with counsel the question whether we had jurisdiction of the appeal — was the case, in the limited posture in which we found it, a real "case" or "controversy" as those terms are used in Article III of the Constitution? Even if we were to hold in favor of the petitioner on the AEDPA limitations issue, and send the case back to the District Court, petitioner would derive no benefit. The District Court's holding of procedural default would remain, and the petition would still be dismissed on that independent ground, a ground as to which we had denied a certificate of appealability, and which, accordingly, we could not reach. We suggested to counsel that the problem might be solved if we expanded the certificate of appealability to include the procedural-default issue. Neither side expressed any objection to such a procedure, though the discussion was rather brief.

Following this train of thought, we now consider whether to expand the certificate of appealability and include in it the procedural-default question. If we did so, and if the procedural-default question, on its merits, were then resolved in petitioner's favor, the AEDPA limitations question would be properly presented, and any difficulty under Article III would disappear. The grant or denial of a certificate of appealability, however, is not discretionary. It is governed by statute, referred to above, and no certificate can be granted unless the statutory criterion is met. If a certificate is not granted, a court of appeals is without jurisdiction to decide the issue. A panel of this Court has already decided to deny the certificate, but this holding is not necessarily controlling. The case is still pending, and we have power to reexamine the action of the previous panel, though we should do so with caution.

Should the certificate of appealability be expanded? Is the procedural-default issue "substantial"? Is it, to use a phrase prominent in pre-AEDPA cases, debatable by "jurists of reason"? Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). In an attempt to answer this question, we have studied the findings and recommendations

of the Magistrate Judge as well as a pleading filed in this Court styled "Petition for a Writ of Certiorari to the United States District Court Eastern District of Arkansas Pine Bluff Division." It is this pleading that our previous panel treated as an application for certificate of appealability. The Magistrate Judge took the view (approved in full by the District Judge) that no grounds for avoiding the procedural-default bar had been raised. The Arkansas Supreme Court had clearly held, applying a rule of state procedural law, that it could not reach the merits of petitioner's ineffective-assistance claims. There are, the Magistrate Judge noted, exceptions to the procedural-default rule. For example, if a petitioner can establish "cause" for his failure to assert a ground, and "prejudice" resulting from that failure, the procedural default would be cured. See Wainwright v. Sykes, 433 U.S. 72 (1977). Ineffective assistance of counsel can be cause, but this theory itself must have been presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764, 768 n.5 (8th Cir. 1987). "Here," as the Magistrate Judge observed, "the petitioner failed to present any claims of ineffective assistance of counsel in state court as he did not timely file and pursue a Rule 37 petition." Findings and Recommendation, p. 8. No cause was established. It was not necessary to reach the question of prejudice.

There is another exception to the procedural-bar doctrine — actual innocence, also known as the miscarriage-of-justice exception. The Supreme Court has defined "actual innocence" in this context very strictly.

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup v. Delo, 513 U.S. 298, 324 (1995).  In addition, a petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 327.  This latter showing must take into account not only the allegedly new evidence, but also the evidence that was in fact before the jury.

Petitioner argues actual innocence.  The argument is based on what petitioner calls a "notarized confession," Petition for a Writ of Certiorari p. 21, admitted into evidence on April 20, 1998, at the Omnibus Hearing before the trial in the state court.  This theory is insufficient on its face to meet the stringent standards of the actual-innocence doctrine.  The evidence cited is not "new."  It was in existence, and was in fact offered, during pretrial proceedings in the state courts.  We do not see how actual innocence (no claim is made as to cause and prejudice) could possibly be established here, or that the issue comes close to being debatable by "jurists of reason."  Accordingly, the law would not permit us to expand the certificate of appealability, and the previous action of this Court, denying a certificate as to procedural default, will not be disturbed.

This leaves us without power to decide the AEDPA statute-of-limitations issue in the present case.  The reader will have perceived that this issue is not unrelated to the procedural-default question.  The holding of procedural default is based upon the Supreme Court of Arkansas's application of the State's own limitations provision, a provision that leaves out of account petitioner's unsuccessful efforts to file a belated direct appeal.  This does not mean, however, that the AEDPA limitations question will never be significant in an Arkansas case involving the belated-appeal rule.  We read the Arkansas Supreme Court's holding as limited to a case, like the present, in which petitioner unsuccessfully attempted to file a belated appeal.  If the Court had allowed the filing of a belated appeal, and then rejected petitioner's claims, petitioner might well have been able to file a timely Rule 37 proceeding, in which event the Arkansas procedural-bar issue would disappear, but the AEDPA limitations question

would recur. We leave that question for another day. As we have explained, we cannot reach it now. Under Article III, the judgment of a federal court must have some concrete consequence. Here, there would be none. The injury of which petitioner complains, the dismissal of his petition for federal habeas corpus relief, would be unaffected. Our decision on the AEDPA limitations question would be merely an abstract declaration. This is not what federal courts do. See <u>Vermont Agency of Natural Resources v. United States ex. rel Stevens</u>, 529 U.S. 765, 771 (2000), cited with approval in <u>McConnell v. Federal Election Comm'n</u>, 540 U.S. ____, ____, 124 S. Ct. 619, 707 (2003).

Lack of jurisdiction under Article III means that we may not proceed further with the case. We therefore do not answer the question on which the certificate of appealability was granted, and this appeal is dismissed for want of jurisdiction.

It is so ordered.

_____