United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11378
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICHARD KEITH HARMON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-82-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Richard Keith Harmon appeals his sentence following his
guilty plea to mail fraud and aiding and abetting.  Harmon was
sentenced to 18 months of imprisonment and three years of
supervised release and ordered to pay $95,907.47 in restitution.

    Harmon asserts that his sentence is invalid in light of
_United States v. Booker_[1] because it was enhanced by facts neither
charged in the indictment, found by a jury, nor admitted by

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] 125 S.Ct. 738 (2004).

Harmon. As the Government concedes, there was error and Harmon preserved the issue by arguing in the district court that his sentence violated *Blakely v. Washington*.[2] When a *Booker* error is preserved, this court will vacate and remand unless the Government shows that the error was harmless beyond a reasonable doubt.[3] The Government has carried that burden. At sentencing, the court granted a downward departure, giving it almost unlimited discretion to choose a sentence.[4] Furthermore, Judge McBryde carefully explained during a telephone conference that "[m]y view on [any *Booker* issue] is I really didn't follow the guidelines in this case. I went below the guidelines so in this particular case it turns out I just considered the guidelines as being advisory." He also stated that "in this particular case if there was a *Booker* error it was certainly a harmless one because I didn't pay any attention to the guidelines." Thus, the record demonstrates beyond a reasonable doubt that the *Booker* error did not affect Harmon's sentence.[5]

Harmon also asserts that the district court erred in its calculation of the amount of loss under the Sentencing Guidelines. We review the court's interpretation or application of the Guidelines *de novo* and its factual findings, such as a

---

[2] 542 U.S. 296 (2004).

[3] *United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005).

[4] *United States v. Alvarez*, 51 F.3d 36, 40-41 (5th Cir. 1995).

[5] *See United States v. Sealed Appellant 1*, No. 04-41079 (5th Cir. Aug. 16, 2005) (unpub.).

calculation of loss, for clear error.[6]  Because $657,000 was the
total amount of valid claims submitted by the vendors to Harmon,
claims Harmon did not to pay, it is a reasonable estimate of the
amount of loss as it is the dollar amount unlawfully taken and
placed at risk by Harmon.[7]  The vendors were victims of Harmon's
crime,[8] and that a third-party insurer reimbursed the vendors
does not mitigate "loss" under the Guidelines - Harmon still took
the money.[9]  Furthermore, it was not clear error for the district
court to conclude that U.S.S.G. § 2B1.1 cmt. n.3(E)(i) does not
help Harmon because he knew or should have known that the
Government or his victims had discovered or were about to
discover his offenses long before he began to repay the third-
party insurer.

Finally, Harmon contends that the district court erred in
ordering restitution.  The Mandatory Victims Restitution Act
(MVRA) authorizes a district court to order restitution to
victims of certain offenses, including mail fraud.[10]  Restitution
under the MVRA can only be for victims of the offense of
conviction, unless the defendant agrees otherwise in a plea

---

[6] *United States v. Whitlow*, 979 F.2d 1008, 1012 (5th Cir. 1992).

[7] *See United States v. Oates*, 122 F.3d 222, 225 (5th Cir. 1997).

[8] U.S.S.G. § 2B1.1.

[9] *See United States v. Wilson*, 980 F.2d 259, 262 (4th Cir. 1992)
(holding that loss includes amount recovered from a third-party guarantor
because, like restitution, it is money returned which was previously
wrongfully taken).

[10] 18 U.S.C. § 3663A(a)(1),(c)(1)(A)(ii).

agreement or if a fraudulent scheme is an element of the offense of conviction.[11]  Not only were the vendors victims of the offense of conviction here, but Harmon agreed in a plea agreement that he engaged in a fraudulent scheme and that he would pay restitution to members of the "community" for conduct "not limited to that arising from the offense of conviction alone." Thus, restitution was proper under the MVRA.  And even though a court must reduce restitution by any amount the victim received as part of a civil settlement,[12] the court reduced restitution by that amount here – it held Harmon responsible only for that amount of money which, had Harmon never committed a crime, the vendors never would have lost.

For the foregoing reasons, Harmon's sentence is AFFIRMED.

---

[11] *Id.; United States v. Cochran*, 302 F.3d 279, 289-90 (5th Cir. 2002).

[12] *United States v. Cluck*, 143 F.3d 174, 180 n.9 (5th Cir. 1998) (citing *United States v. Sheinbaum*, 136 F.3d 443, 449-50 (5th Cir. 1999)).