# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3288

_____

Pierre P. Lewis,               *
                                       *

          Appellant,     *

                                       *   Appeal from the United States
   v.                             *   District Court for the
                                       *   Eastern District of Arkansas.

Larry Norris, Director, Arkansas   *
Department of Correction,      *
                                       *

          Appellee.      *

_____

Submitted: May 16, 2006
Filed: July 7, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

This appeal raises the question whether the federal one-year statute of limitations for filing a habeas petition, 28 U.S.C. § 2244(d)(1), should be tolled during the eighteen-month period in which Arkansas allows a prisoner to file a "belated appeal" of the denial of state court post-conviction relief under Arkansas Criminal Appellate Rule 2(e). Thrice before we have alluded to this issue, but for various reasons have not yet directly resolved it. See Watts v. Norris, 356 F.3d 937, 942 (8th Cir. 2004); Wright v. Norris, 299 F.3d 926, 928 (8th Cir. 2002); Mills v. Norris, 187

F.3d 881, 884 n.4 (8th Cir. 1999). This case makes a fourth time, as we affirm the district court's[1] dismissal of Pierre P. Lewis's habeas petition on an alternative ground.

I

On October 4, 2002, Lewis pleaded guilty to capital murder in Arkansas state court and was sentenced to life in prison. Because he entered an unconditional plea of guilty, he was not permitted to file a direct appeal. See Ark. R. App. P. – Crim. 1(a) ("Except as provided by A. R. Cr. P. 24.3(b) [authorizing conditional guilty pleas] there shall be no appeal from a plea of guilty or nolo contendere."). Lewis did, however, file several motions for post-conviction relief. On February 26, 2003, 145 days after his guilty plea and conviction, he filed his first motion for post-conviction relief in state court – a motion to vacate the judgment. On August 21, 2003, he filed three additional pleadings: 1) a petition for reduction of his sentence; 2) a pleading entitled "Arkansas Post-Conviction Remedies;" and 3) a state habeas corpus petition. The state trial court addressed all of these motions and petitions together and denied them, finding "each of them is utterly frivolous and without merit." Lewis had thirty days to appeal the denial of the trial court's order denying post-conviction relief, see Ark. R. App. P. – Crim. 2(a)(4), but he did not.

On October 26, 2004, more than two years following his guilty plea and conviction, Lewis filed a petition for a writ of habeas corpus in federal district court. The state responded to the petition arguing, in part, the petition was time-barred under the federal one-year statute of limitations, 28 U.S.C. § 2244(d)(1). The matter was referred to a magistrate judge[2] who prepared a report and recommendation (R&R)

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

suggesting the petition be dismissed as untimely. The magistrate judge assumed without deciding Lewis's post-convictions motions were "properly filed" and therefore tolled the one-year statute of limitations during the time they were pending. See 28 U.S.C. § 2244(d)(2). Even with such assumption, however, the magistrate judge determined Lewis's petition was still untimely by at least a month.

Lewis, acting pro se, filed a one-page objection to the R&R arguing he was within the limitations period because his state habeas petition was still pending when the one-year period would have otherwise expired. He did not, however, explain how such a fact rendered his federal petition timely. The district court entered an order adopting the magistrate judge's R&R and dismissing the federal habeas petition as untimely. After Lewis filed a pro se notice of appeal, which the district court construed as a certificate of appealability (COA), the district court granted a COA on the grounds that appellate review of a district court's interpretation of the federal statute of limitations is de novo review.

Notably, Lewis never argued in the district court the one-year statute of limitations should be tolled because of the eighteen-month period in which he could have filed a "belated appeal" of the denial of his post-conviction motions under Arkansas Criminal Appellate Rule 2(e). However, his appointed appellate counsel argued for the first time on appeal the one-year statute of limitations should be tolled because of Rule 2(e). In response, the state addressed the merits of such argument instead of contending the argument was waived. In the alternative, the state asserted Lewis's post-convictions motions were not "properly-filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore did not toll the one-year period, rendering the petition time-barred on that ground.

## II

Lewis asks us to determine whether the one-year period for filing a federal habeas petition should be tolled during the eighteen months a petitioner could file a belated appeal under Arkansas Criminal Appellate Rule 2(e). As noted above, however, Lewis did not raise this issue in the district court, and thus it is arguably waived. On appeal, however, the state did not contend in its brief the issue was waived and instead addressed it on the merits. Arguably, therefore, the state waived its claim of Lewis having waived his claim.

Whether waived or not, we decline at this time to determine how Arkansas's belated appeal provisions interact with the federal statute of limitations. Instead, we focus on the state's alternative argument that Lewis's state court motions for post-conviction relief were not "properly filed." Although the district court assumed the motions were properly filed – presumably because the state trial court addressed the motions on their merits – the Supreme Court has since instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such. See Evans v. Chavis, 126 S.Ct. 846, 852 (2006). We have little doubt the district court would not have assumed the post-convictions motions were properly filed if the Supreme Court's decision had been made before the district court's decision, because the R&R noted:

> Under Arkansas law, regardless of the label given by a defendant, any motion to withdraw a plea filed after entry of judgment will be treated as one for post-conviction relief under Ark. R. Crim. P. 37. Mims v. State, __ S.W.3d __, 2004 WL 2823348 (Ark. Sup. Ct. Dec. 9, 2004). Rule 37 petitions must be filed within ninety days of entry of judgment on a guilty plea. Ark. R. Crim. P. 37.2(c). Although the state court did not find any of Petitioner's motions to be untimely, they clearly were filed more than ninety days after entry of his plea.

Add. at 6. Section 2244(d)(2)'s reference to "properly filed" state court proceedings includes "conditions to filing" such as "the time limits upon its delivery[.]" Artuz v. Bennett, 531 U.S. 4, 8 (2000). Because Lewis's motions for post-conviction relief were not filed within the requisite ninety days allowed by Rule 37 of the Arkansas Rules of Criminal Procedure, they were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore did not toll the federal statute of limitations.

There remains the habeas petition Lewis filed in state court. The state argues the state habeas petition also did not toll the federal statute because it was not filed in "the court and office in which it must be filed." See Artuz, 534 U.S. at 8 (indicating another condition to a "properly filed" state court proceeding is that it be filed in the proper court). Lewis filed his habeas petition in Mississippi County Circuit Court, the same court where he entered his guilty plea. At the time, however, Lewis was incarcerated at the Varner Unit in Grady, Arkansas, which is in Lincoln County. Under Arkansas law, only circuit courts in counties where habeas petitioners are incarcerated have personal jurisdiction to order a prisoner's release. See Mackey v. Lockhart, 819 S.W.2d 702, 703 (Ark. 1991).

Lewis acknowledges only a state court in Lincoln County could order his release, but contends the state habeas petition was nevertheless properly filed because the Mississippi County Circuit Court had subject matter jurisdiction to grant the petition. See id. at 703 (citing previous Arkansas cases which distinguish between the *subject* matter jurisdiction to grant a habeas petition (which every state court has) and the *personal* jurisdiction to grant relief by ordering a prisoner's release (which only a court in the county of incarceration has)). We disagree the Mississippi County court's general subject matter jurisdiction over habeas petitions was enough to render the habeas petition "properly filed" under 28 U.S.C. § 2244(d)(2). The Arkansas Supreme Court has summarily dismissed appeals from trial court denials of state habeas petitions when prisoners fail to file the petitions in the county of incarceration on the grounds such petitions are "*properly* addressed to the circuit court in the county

in which the petitioner is held in custody[.]" <u>French v. State</u>, No. CR 05-690, 2006 WL 728804 at *1 (Ark. Mar. 23, 2006) (emphasis added); <u>see also</u> <u>Jackson v. State</u>, No. CR 06-151, 2006 WL 1133544 at *1 (Ark. Apr. 23, 2006) (summarily dismissing appeal where prisoner filed it in the wrong county, because "although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county."); <u>Cooper v. State</u>, No. CR 05-453, 2006 WL 650697at *1 (Ark. Mar. 16, 2006) (same); <u>Watts v. State</u>, No. 05-686, 2006 WL 563633 at *1 (Ark. Mar. 9, 2006) (same).  As a consequence, we conclude the state habeas petition Lewis filed in Mississippi County was not "properly filed" under 28 U.S.C. § 2244(d)(2) and therefore did not toll the federal statute of limitations.

III

We decline to address the question whether Arkansas's belated appeal provisions might toll the one-year statute of limitations for filing habeas petitions, and instead affirm the district court's dismissal of Lewis's habeas petition on the alternative ground that none of Lewis's state court post-conviction proceedings were "properly filed."

_____