# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1720
_____

United States of America,

*Plaintiff - Appellee,*

v.

Frank Whitbeck,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 12, 2017
Filed: June 15, 2017
_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Frank Whitbeck pleaded guilty to mail fraud in 2008. In the fraud scheme, Whitbeck diverted funds from a company that he owned, Signature Life Insurance Company of America, to himself. The district court sentenced him to a term of imprisonment and ordered him to pay $3.79 million in restitution to Signature Life. Whitbeck did not appeal, and the judgment is final. This appeal concerns a motion that Whitbeck filed in 2015 concerning the restitution order.

The 2015 motion relates to civil litigation in Arkansas state court involving Whitbeck, Signature Life, and others. In 2010, the state court had entered a judgment against Whitbeck after he failed to make payments to Signature Life's receiver under a rehabilitation plan to which Whitbeck had agreed. In 2015, the parties reached a civil settlement providing that the receiver for Signature Life would release the balance of the civil judgment against Whitbeck in exchange for $300,000, to be paid in installments over three years.

Whitbeck moved the district court[1] to order that he would be "fully and completely released from any further obligations of restitution in this matter" once he paid the $300,000 to Signature Life's receiver. He sought an order that upon payment of funds due under the settlement agreement, his restitution obligation would "be deemed discharged." The district court denied the motion, ruling that it lacked authority to grant Whitbeck's requested relief.

Whitbeck appeals, and the government first responds that the appeal is untimely. Whitbeck noticed his appeal sixty days after the district court's order denying his motion. Timeliness turns on whether this is a civil or criminal appeal. A party has fourteen days to notice an appeal in a criminal case, Fed. R. App. P. 4(b)(1)(A), and sixty days to appeal in a civil action. Fed. R. App. P. 4(a)(1)(B). An administrative panel of this court earlier ordered Whitbeck to show cause why the appeal should not be dismissed as untimely. After considering the issue, the panel permitted the appeal to proceed. Although this hearing panel has the power to reexamine the action of a prior panel in a pending case, *Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004), we decline to do so here. The time limit on criminal appeals is a claims-processing rule, *United States v. Watson*, 623 F.3d 542, 545-46 (8th Cir. 2010), so even if the prior panel mistakenly applied the rule governing civil appeals,

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

there is no jurisdictional bar to our considering the appeal. We conclude that the district court correctly denied Whitbeck's motion on the merits, and we resolve the appeal on that basis.

Whitbeck's motion in the district court asked the court to order that upon payment of the $300,000 due to Signature Life's receiver under the state court settlement agreement, his restitution obligation in the criminal case should be "deemed discharged." The district court ruled that it lacked authority to order that the $3.79 million restitution obligation was paid in its entirety once Whitbeck paid the $300,000 agreed to by the parties in civil litigation. The court observed that 18 U.S.C. § 3664(k) allows the court to modify a restitution obligation based on a change in the defendant's *ability* to pay, but does not permit modification based on a change in a defendant's obligation to pay a third party.

We agree with this conclusion. An order of restitution in a fraud case under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(c)(1)(A)(ii), is based on the victim's losses, but it is an obligation owed to the government. *United States v. Boal*, 534 F.3d 965, 967-68 (8th Cir. 2008). Once the court enters a restitution order, the victim cannot waive or excuse the defendant's obligation to pay. *Id.* Nor does the statute provide authority to reduce the amount of a restitution obligation to match the value of a negotiated settlement with the victim in civil proceedings. The district court did not have authority to grant Whitbeck's request to deem the restitution obligation discharged if he paid the negotiated settlement.

Whitbeck does not really quarrel with the district court's conclusion; he now claims that he did not ask the district court to modify its restitution order. Whitbeck instead contends on appeal that the district court erred by denying him "credits" for amounts paid to Signature Life's receiver under the settlement agreement. The restitution statute does provide that an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in

state or federal civil proceedings. 18 U.S.C. § 3664(j)(2); *see United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005). Several courts have ruled that § 3664(j)(2) encompasses amounts received in a civil settlement. *See United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009); *United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008); *United States v. Harmon*, 156 F. App'x 674, 676 (5th Cir. 2005) (per curiam). We need not address the scope of § 3664(j)(2)(B), because Whitbeck did not ask the district court to reduce his restitution obligation under that section based on amounts that Signature Life recovered in a state civil proceeding. Nor did he present evidence concerning how much the receiver had actually recovered under the settlement agreement, as opposed to how much Whitbeck promised to pay in the future. The district court, however, did not foreclose Whitbeck from seeking relief under § 3664(j)(2)(B) upon a proper showing, and neither do we.

Despite Whitbeck's characterization of the issue on appeal, his motion in the district court clearly asked the court to order that his restitution obligation be "deemed discharged" upon his payment of $300,000 under the settlement agreement reached by the parties in the state court proceeding. The district court properly denied that relief. The order of the district court is affirmed.

_____