Daniel Robert DeFoe, Blue Springs, MO, argued, for Appellant.

Carla B. Oppenheimer, Asst. U.S. Atty., Kansas City, MO, argued (Stephen L. Hill, Jr., on the brief), for Appellee.

**UNITED STATES of America, Appellee,**

**v.**

**Tynae K. LESTER, also known as Gabriel Quiles, Appellant.**

**No. 98–4153.**

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 28, 1999.

Filed: Jan. 31, 2000.

Rehearing and Rehearing En Banc Denied March 7, 2000.*

Before: BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Tynae K. Lester appeals from an order directing him to pay restitution in the amount of $138,041.40. We decline to review Mr. Lester's arguments because in his plea agreement with the government he specifically undertook "to pay any restitution ordered by the District Court." We have held several times that a defendant's agreement to pay the restitution that a district court orders is binding. *See, e.g., United States v. Williams*, 128 F.3d 1239, 1240 (8th Cir.1997), and *United States v. Marsh*, 932 F.2d 710, 713 (8th Cir.1991). Such agreements are in fact specifically authorized by statute: 18 U.S.C. § 3663(a)(3) states that "[t]he court may . . . order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

---

* Judge Loken would grant the rehearing by the panel.

Because Mr. Lester's agreement bars this appeal, we affirm the judgment of the district court.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. In my view, a plea agreement undertaking "to pay any restitution ordered by the District Court" is not a knowing waiver of the right to appeal an *unlawful* restitution order. In this case, rejecting the government's argument at sentencing for a lesser amount, the district court ordered Tynae Lester to pay restitution for losses caused by his conspirators before he joined the conspiracy. That order is contrary to our decision in *United States v. Cain,* 128 F.3d 1249, 1253 (8th Cir.1997). Accordingly, I would remand for resentencing in accordance with *Cain.*