UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20638
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    versus

DUC HUNG LAM,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(98-CR-344-6)
_____
September 7, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Duc Hung Lam pleaded guilty to conspiracy to commit food stamp
fraud and money laundering in federal district court.  As an
employee of a retail food market, Lam engaged in food stamp fraud
by purchasing legitimate food stamp benefits at a discount for cash
and then making it appear that the food stamp beneficiary had
purchased food at another retail outlet for the full value.  The

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

payments from the illegal redemption of food stamp benefits were deposited in store accounts, and the proceeds were provided to the employees to purchase additional food stamp benefits for cash. The district court sentenced Lam to 37 months' imprisonment, two years' supervised release, and ordered him to pay restitution to the United States Department of Agriculture in the amount of $818,732.57. Lam now appeals.

I.   ANALYSIS

A.   Waiver of right to appeal restitution

Adopting the recommendation in the presentence report (PSR), the district court ordered Lam to pay restitution pursuant to 18 U.S.C. § 3663A (the Mandatory Restitution to Victims Act). In Lam's plea agreement, he "waived the right to appeal the sentence or the manner in which it was determined as the grounds set forth in Title 18, United States Code, Section 3742 except" for any upward departure from the Sentencing Guidelines range. The plea agreement further provided that Lam had agreed to pay any fine or restitution order; however, no mention of restitution is contained in the provisions discussing Lam's waiver of his right to appeal. Additionally, the Government states that "it is beyond cavil that Lam was not admonished with respect to the provisions of § 3663A" and that "the parties did not contemplate that the waiver in the plea agreement included the order of restitution." Under the particular circumstances of this case, we conclude that Lam's general waiver of his right to appeal his sentence did not include

2

the district court's restitution order.[2]

B.    Restitution Order

Lam argues that the district court failed to give any reasons or state any facts supporting its restitution order, and he argues that the restitution order was excessive.  Lam states that he had no assets, that he was a 24-year-old employee, that he "did not enjoy the fruits of this illegal scheme beyond his simple employment," that he did not share in any of the planning of the scheme, and that he had no authority over any of the accounts into which the illegally obtained money was deposited.  Lam contends that requiring him to pay the full amount of restitution establishes that the district court "wholly failed to consider [Lam's] financial resources and earning ability."

As conceded by Lam, he did not object to the recommendation in

---

[2]    This Court has yet to address whether a general waiver of a right to appeal a sentence encompasses the right to appeal a restitution order.  Other circuits have reached the issue with differing results. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146-47 (4th Cir. 1995) (general waiver of right to appeal a sentence does not include a challenge to the legality of a restitution order); *United States v. Ready*, 82 F.3d 551, 553-60 (2d Cir. 1996) (explaining that under circumstances presented, the waiver of appeal in plea agreement did not operate as a waiver of right to appeal restitution); *see also United States v. Zink*, 107 F.3d 716 (9th Cir. 1997) (waiver of right to appeal sentence applied to sentence of confinement and not restitution order); *but see United States v. Greger*, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (wavier of right to appeal all nonjurisdictional issues and failure to object to restitution order constituted waiver of appeal of restitution order); *United States v. Lester*, 200 F.3d 1179, 1179-80 (8th Cir. 2000) (defendant waived his right to challenge the restitution order when he agreed in the plea agreement to pay whatever restitution was ordered).

the PSR that he be ordered to pay restitution for the full amount of fraudulently obtained proceeds during his involvement in the scheme. Nor did he object to the restitution order at sentencing.

A restitution order is usually reviewed for an abuse of discretion; however, when no objection was made in the district court, as in this case, review is limited to plain error. *United States v. Myers*, 198 F.3d 160, 168 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 2230 (2000). Under Rule 52(b) of the Federal Rules of Criminal Procedure, this Court may correct forfeited errors only when the appellant shows that there was an error, which was clear or obvious, and which affected his substantial rights. *United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Lam's contention that the district court erred in ordering him to make restitution of $818,732.57 in light of his insufficient resources is without merit. As previously set forth, Lam's restitution was based upon § 3663A, which makes restitution mandatory for offenses involving fraud without consideration of the defendant's ability to pay. § 3663A(a)(1); *Myers,* 198 F.3d at 168. The district court thus was required to order restitution in the amount of the loss without considering Lam's financial circumstances. *See Myers*, 198 F.3d at 169.[3]

---

[3] Lam's financial resources is a factor to be considered only when determining whether restitution is to be made immediately or through a schedule of payments. 18 U.S.C. § 3664(f)(2)(A). The district court considered Lam's ability to pay when ordering the manner in which restitution was to be made. The district court

With respect to Lam's contention that the amount of restitution was excessive, Lam made no objection to the PSR's determination of the loss resulting from the food stamp scheme during the time of Lam's involvement in the offense. The district court adopted the PSR.[4] Lam bore the burden of demonstrating that the information in the PSR was incorrect, and the district court was free to adopt the information in the PSR when Lam presented no evidence to rebut the PSR's calculation. *See United States v. Glinsey,* 209 F.3d 386, 393 (5th Cir. 2000), *petition for cert. filed* (U.S. June 11, 2000) (No. 99-10242). Lam has not shown any error, much less plain error, with the district court's restitution order.

C.    Rule 11 Admonishment Regarding Restitution

Lam argues that his guilty plea was not voluntarily and intelligently given because the district court failed to admonish him with respect to the possibility of having to pay restitution. Specifically, Lam contends that this omission constituted a

---

ordered that Lam pay the restitution immediately, "and if it cannot be paid immediately, it will be due in installments to commence after the date of this judgment pursuant to a payment schedule that will be set up by the court."

[4]    Likewise, Lam's assertion that the district court failed to give reasons for its order of restitution is without merit. The PSR provided that Lam was to be held responsible for fraudulently obtained proceeds in the amount of $818,732.57, which was the amount of proceeds laundered between December 1996 and June 1997. As set forth above, the district court adopted the reasoning of the PSR.

violation of Rule 11 of the Federal Rules of Criminal Procedure and that such error was not harmless.

"In reviewing whether the district court complied with Rule 11, this Court 'conduct[s] a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?'" *Glinsey*, 209 F.3d at 394 (quoting *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc)). A "substantial right" is violated when the defendant's "knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Glinsey*, 209 F.3d at 394 (quoting *Johnson,* 1 F.3d at 302).

The district court did not inform Lam, as required by Rule 11(c)(1), that he may be ordered to pay restitution. Although the plea agreement stated that "[t]he defendant acknowledges that he may be required to make full restitution" and that any fine or restitution ordered by the court was due immediately, the plea agreement did not give any indication of a restitution amount. The plea agreement and the district court, however, both informed Lam of the possibility having to pay *fines* totaling at least $500,000.

The plea agreement informed Lam that the maximum fine for count one (food stamp fraud) was $250,000 and that the maximum fine for count two (money laundering) was $250,000. When discussing the

6

fines for count one, the district court stated that "[t]he penalty on this count is imprisonment not to exceed 5 years and/or a fine not to exceed $250,000." With respect to count two, the court stated that "[t]he penalty on this count is imprisonment . . . not to exceed 20 years and/or a fine not to exceed $250,000 . . . ."[5]

The district court's admonishment in regard to the amounts Lam faced as fines can be considered when determining whether Lam was advised of the possibility of paying restitution. *Glinsey,* 209 F.3d at 395 ("It is the amount of liability, rather than the label 'restitution,' that affects [the defendant's] substantial rights. 'Whether the amount to be paid is classed as restitution or fine ordinarily makes little difference in its bite[.]'") (citation omitted). Glinsey's sentence for his participation in a food stamp fraud scheme included restitution in the amount of $1,266,317. *See id.* at 392. Neither the plea agreement nor the district court informed Glinsey of the possibility of having to pay restitution, but the district court did inform him that he could be fined up to $1,000,000. *See id.* at 394-95. Noting that a warning about a fine had the same effect as an admonishment about restitution, this Court held that Glinsey was not prejudiced "so long as his liability d[id] not exceed the maximum amount that the court

_____

[5] The Government makes the argument that the district court alerted Lam to the possibility of a fine of up to $1.7 million. Although we understand the argument, because the district court's admonishment regarding the figure of $1.7 million was ambiguous, we are loathe to rely on that particular admonishment.

informed him could be imposed as a fine." *Id.* at 395. Even though Glinsey's restitution order exceeded the $1,000,000 fine about which Glinsey was warned, rather than remanding the case, we reduced the restitution order from $1,266,317 to $1,000,000. *Id.*

In the instant case, we conclude that the district court's admonishments sufficiently warned Lam that he was subject to a total liability of $500,000 in fines. As in *Glinsey,* we MODIFY the restitution amount to $500,000, the total amount that the district court informed Lam he might have to pay. After this modification, Lam cannot show that a substantial right was violated.

AFFIRMED AS MODIFIED.