# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3146

_____

United States of America,        *

          *

        Appellee,       *

          *   Appeal from the United States

      v.            *   District Court for the

          *   Northern District of Iowa.

Shaun Joseph Ruff,       *

          *

        Appellant.     *

_____

Submitted: February 15, 2005
Filed: August 24, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Shaun Joseph Ruff (Ruff) pled guilty to conspiring to distribute 500 grams or more of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), and 846. Under the terms of the plea agreement, Ruff agreed to pay restitution for the controlled buy money expended during the narcotics investigation. Ruff also agreed to the forfeiture of his 1995 Chevrolet Blazer (Blazer) and items seized from his person upon arrest. At sentencing, the district court sentenced Ruff to 65 months' imprisonment, five years' supervised release, and ordered Ruff to pay restitution in the amount of $9,985. The district court rejected Ruff's argument the

net proceeds realized from the forfeiture of his property should be applied toward restitution. Ruff appeals, and we reverse and remand for further proceedings.

## I.    BACKGROUND

On six occasions between July and December 2002, Ruff sold varying quantities of marijuana and cocaine to a confidential informant and to undercover police officers. Ruff drove his Blazer to each of the drug sales. Law enforcement expended a total of $9,985 in controlled buy money to effectuate the six drug transactions. On December 12, after Ruff told an undercover agent he would sell him 488.23 grams of cocaine at a price of $14,400, Ruff was arrested with $1,476 in currency, a personal use amount of marijuana, and a brass smoking pipe.

On September 30, 2003, Ruff signed a plea agreement in which he admitted committing the charged drug offense, agreed "to pay restitution, as ordered by the Court, for controlled buy money expended during the investigation," and agreed to the forfeiture of his Blazer, as well as any items seized from his person and residence upon arrest. The plea agreement stipulated restitution would "be paid to the Clerk of Court for eventual disbursement to the Iowa Division of Narcotics Enforcement." In November 2003, the government completed its administrative forfeiture action regarding the $1,476 in currency seized from Ruff upon arrest. In the plea agreement, Ruff "reserve[d] the right to request that the value of the forfeited property be applied toward the outstanding restitution amount." The government reserved the right to resist the offset request.

Before sentencing, Ruff notified the United States Probation Office he intended to request the value of the forfeited cash and Blazer be credited against the $9,985 restitution owed to the Iowa Division of Narcotics Enforcement (DNE). The government resisted Ruff's request, arguing "such a request is tantamount to a thief using the money he stole during a robbery to pay restitution to the victims of his crime." At sentencing, the district court denied Ruff's request to offset the value of

the forfeited Blazer and currency against the restitution order. In denying the request, the district court declared:

> [Ruff] agreed to make restitution in the amount of $9,985. . . . I would also note that forfeiture and restitution are two different issues, and I find that restitution is over and above the forfeiture of the property and the money that he agreed to, so he will have to pay the restitution out of some other funds or over a period of time while he's on supervision.

Ruff appeals, arguing he is entitled to offset the restitution by the proceeds realized from the forfeiture of his Blazer and currency.

## II. DISCUSSION

The issue whether, under the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664, a district court must or may offset a restitution amount by the value of a defendant's property subject to administrative forfeiture is a question of law subject to de novo review. See, e.g., United States v. Bright, 353 F.3d 1114, 1120 (9th Cir. 2004); United States v. Alalade, 204 F.3d 536, 539 (4th Cir. 2000). In his plea agreement, Ruff expressly agreed "to pay restitution . . . for controlled buy money expended during the investigation." The MVRA requires a court to "order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C. § 3663A(a)(3). Our circuit has held "a defendant's agreement to pay the restitution that a district court orders is binding." United States v. Lester, 200 F.3d 1179, 1179 (8th Cir. 2000).

In ordering restitution pursuant to the MVRA, a district court must order restitution in full without considering the defendant's economic circumstances. See 18 U.S.C. § 3664(f)(1)(A). Ruff does not object to paying restitution, but contends he is entitled to offset any proceeds law enforcement derived from the forfeited property, which have been remitted by the Department of Justice's Asset Forfeiture Fund. Although the MVRA does not specifically address the relationship between

restitution and forfeited funds, the MVRA does address the relationship between restitution and other sources of funds. Section 3664(f)(1)(B) declares: "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance *or any other source* be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B) (emphasis added). Based on the plea agreement (wherein Ruff agreed to pay restitution for controlled buy money) and the plain language of this statutory subsection, we conclude the district court was required to order restitution based on the total funds the Iowa DNE expended on controlled buys, which the parties stipulated amounted to $9,985.[1]

The question remains, however, whether Ruff is entitled to offset the restitution assessment by the proceeds received from the administrative forfeiture proceedings. Several circuits have discussed whether the MVRA provides for restitution payments to be offset against amounts forfeited to the government. See Bright, 353 F.3d at 1122 (declaring "it is clear from the plain language of the statute that the district court was required in the first instance to set the amount of Bright's restitution obligation based on his victims' collective losses and without regard to forfeited funds"); Alalade, 204 F.3d at 540 (declaring plain language of MVRA "did not grant the district court discretion to reduce the amount of restitution required to be ordered by an amount equal to the value of the property seized from Alalade and retained by the government in administrative forfeiture"); United States v. Leon-Delfis, 203 F.3d 103, 116 (1st Cir. 2000) (declaring "language of the . . . statutes regarding restitution is plain and allows the district court no discretion"); United States v. Emerson, 128 F.3d 557, 566-67 (7th Cir. 1997) (declaring sentencing court has statutory authority to impose both restitution and forfeiture, and there is no legal authority to offset one

---

[1]The parties have not raised, and we do not decide, the issue whether, in the absence of a plea agreement obligating a defendant to make restitution to law enforcement for costs incurred, the government qualifies as a "victim" under 18 U.S.C. § 3663A(2).

from the other) (discussing United States v. Various Computers & Computer Equip., 82 F.3d 582, 586-89 (3d Cir. 1996)).

However, in none of these cases was restitution payable to a law enforcement agency; nor did the courts rule a "victim" is entitled to obtain double recovery from a convicted defendant through forfeiture and restitution payments. In fact, in Alalade, the Fourth Circuit noted, "we need not decide, and we express no opinion on, the effect upon the district court's calculation of the full amount of a victim's loss under the MVRA when the victim receives property or cash from the Department of Justice through its remittance program involving property or cash seized by the government in administrative forfeiture in connection with the case." Alalade, 204 F.3d at 541 n.5. Similarly, in Bright, the Ninth Circuit did not decide "[what] offsets might be due when a defendant's funds have been forfeited and paid to the victims." Bright, 353 F.3d at 1122-23.

In this case, Ruff contends law enforcement received or will receive proceeds from the administrative forfeitures of the Blazer and currency. Thus, Ruff argues law enforcement stands to receive a windfall in excess of the actual amount it expended on controlled buys, thereby constituting impermissible double recovery. In support of this theory, Ruff cites two pre-MVRA cases for the legal proposition that victims of crime are not entitled to double recovery for the same loss. See United States v. Manzer, 69 F.3d 222 (8th Cir. 1995); United States v. Gaultier, 727 F.2d 711 (8th Cir. 1984). In Manzer, the defendant argued the district court erred in ordering restitution for conduct which was also the basis for a civil judgment. Manzer, 69 F.3d at 230. While recognizing victims are not entitled to double recovery for the same loss through both a restitution order and a civil judgment, we concluded the defendant failed to establish enforcement of the restitution order would result in a double recovery. Id. We noted, however, "at the time of any enforcement of the restitution order, Manzer is free to present evidence to preclude recovery by way of restitution in the criminal case for the same conduct already compensated by way of money

damages in any civil case." <u>Id.</u> at 230-31. Earlier, in <u>Gaultier</u>, we directed a district court to reduce *pro tanto* a defendant's restitution order to credit any amount recovered by the victim of the defendant's fraud in a separate civil action. <u>Gaultier</u>, 727 F.2d at 716.

Our holdings in <u>Manzer</u> and <u>Gaultier</u> are consistent with the later-enacted MVRA provision requiring "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in–(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2).[2] By its plain language this section applies to compensatory damages recovered by a victim in a civil proceeding after a court enters a restitution order. <u>See</u> <u>United States v. Smith</u>, 297 F. Supp. 2d 69, 73 (D.D.C. 2003). Although we doubt, without deciding, that proceeds recovered from administrative forfeiture proceedings qualify as "compensatory damages" under the restitution statutes, we nonetheless conclude the bar against double recovery should operate in the context of this case to preclude the Iowa DNE from recovering an amount greater than the agency expended on controlled drug buys in Ruff's case. <u>See</u> <u>id.</u> (ruling when funds forfeited to the government have been returned to the victim, they must be offset against the amount of restitution due; otherwise, there would be excess recovery).

The MVRA does not stipulate which party bears the burden of proving entitlement to an offset. The government bears the burden to prove the victim's loss, and the defendant bears the burden to prove financial resources and needs. On other matters, the burden "shall be upon the party designated by the court as justice requires." 18 U.S.C. § 3664(e). At sentencing, Ruff attempted to establish enforcement of the court's restitution order would result in a double recovery to law

---

[2]An MVRA restitution order under section 3663A is expressly "issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d).

enforcement. Ruff's counsel asked Agent Steve Schroeder (Agent Schroeder) of the Bear Creek Narcotics Task Force whether Ruff's Blazer had been sold, and Agent Schroeder responded he was "unaware about the status of the vehicle right now." Following oral argument on appeal, the government submitted a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure explaining how the forfeiture funds were allocated. The government's Rule 28(j) submission includes copies of two equitable sharing memoranda and copies of two United States Treasury checks. This evidence was not offered at the sentencing hearing to refute Ruff's theory of double recovery, even though the government knew Ruff intended to request the district court offset the restitution order by the proceeds law enforcement received from the administrative forfeiture proceedings.

We decline to consider, in the first instance, the proffered explanation and supporting documentary evidence. The duty to hear and determine evidentiary issues most appropriately rests in the district court. If Ruff can establish the Iowa DNE received any forfeiture funds, the district court shall modify the restitution order to prevent double recovery by the Iowa DNE. See Manzer, 69 F.3d at 230.

## III.   CONCLUSION

We reverse and remand for restitution proceedings consistent with this opinion. If Ruff believes he can establish excess recovery by the Iowa DNE, he bears the burden to initiate further proceedings regarding any restitution offset. Ruff's sentence is otherwise affirmed.

LOKEN, Circuit Judge, concurring.

I join the opinion of the court. I write separately to note a disturbing violation of law by the United States Attorney's office.

On August 19, 2004, the district court entered its Judgment in a Criminal Case against Shaun Ruff. The Judgment imposed the restitution obligation of $9,985 at issue on appeal; the court waived the payment of interest on that amount because it determined that Ruff does not have the ability to pay interest. The Schedule of Payments section of the Judgment then provided the following special instructions regarding the payment of restitution:

> While incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to the defendant through institution or non-institution (community) resources and shall not be less than $25 per quarter.

On September 1, 2004, a "Paralegal Specialist" in the U.S. Attorney's office wrote counsel for Ruff demanding "payment in full" of the restitution amount within thirty days. That demand was a flagrant violation of the court's Judgment. On December 14, 2004, an Assistant U.S. Attorney sent counsel for Ruff a "Notice of Default and Demand for Payment" advising that the demand for payment in full "has now been delinquent more than 90 days," and purporting to assess penalties totaling 25% of the restitution obligation pursuant to 18 U.S.C. § 3612(g). The Assistant U.S. Attorney should have known that the demand for payment appeared to be unlawful on its face, in which case the statutory penalties could not be lawfully assessed. In addition, it appears that the earlier delinquency notice mandated by § 3612(d) was never sent. I urge the district court to investigate this apparent disregard of the law by the U.S. Attorney's office and to take whatever action may be necessary to nullify any unlawful penalties that have been assessed.

_____