**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4825**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LEANDRA SMITH, a/k/a Leanra Smith, a/k/a Rhonda L. Barber,

Defendant – Appellant.

**No. 09-4838**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANEWA TIARI-EL, a/k/a Annie B. Williams,

Defendant – Appellant.

**No. 09-4893**

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

LEANDRA SMITH, a/k/a Leanra Smith, a/k/a Rhonda L. Barber; ANEWA TIARI-EL, a/k/a Annie B. Williams,

Defendants – Appellees.

---

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00219-GCM-DCK-2; 3:03-cr-00219-GCM-DCK-1)

---

Submitted:  September 17, 2010          Decided:  October 21, 2010

---

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

James S. Weidner, Jr., JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Leandra Smith; Claire J. Rauscher, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Anewa Tiari-El. Edward R. Ryan, United States Attorney, Charlotte, North Carolina; John A. DiCicco, Acting Assistant Attorney General, Alan Hechtkopf, Karen M. Quesnel, Katie Bagley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for the United States.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anewa Tiari-El and Leandra Smith were convicted, after a jury trial, of conspiracy to file false claims for tax refunds, filing false claims for tax refunds, and aiding and abetting others in violation of 18 U.S.C. §§ 286, 287, and 2 (2006). The district court sentenced Tiari-El to 60 months imprisonment and Smith to 42 months imprisonment and ordered both Defendants to pay restitution in the amount of $244,287.86 to clients who paid them to file the false refund claims. Tiari-El and Smith appeal, contending that the district court erred by allowing the introduction of evidence of a non-testifying codefendant's guilty plea and by denying their motion for a new trial based on the Government's failure to turn over exculpatory evidence. The Government cross-appeals, arguing that the district court erred by failing to order restitution to the Internal Revenue Service. We affirm Tiari-El's and Smith's convictions, but vacate the sentences and remand with instructions for the district court to imposed restitution in favor of the Internal Revenue Service.

The Government's evidence showed that the Defendants engaged in a scheme conducted through Tiari-El and Associates ("TEA"), a law firm that provided credit counseling services, loan approval and education on home ownership. They offered to recoup from the Internal Revenue Service interest accrued on tax

3

payments made by individuals. TEA falsely informed its clients that the IRS maintains a master file on each taxpayer. The tax payments made into this master file accrue interest, and according to TEA, the taxpayer can obtain the interest earned on this account by filing amended returns.

TEA directed their clients to provide their completed prior year tax returns, sign the cover page of a Form 1040X, and sign a limited power of attorney. TEA would then, unbeknownst to the taxpayer, complete a Form 2439 "Notice to Shareholder of Undistributed Long-Term Capital Gains," and submit it to the IRS, along with the amended return, claiming a refund in amounts ranging from $33,000 to $89,000. The Government presented evidence that the individuals named in the amended returns filed by TEA did not have the undistributed gains to support the requested refund. TEA provided that the refund checks from the IRS were to be sent directly to the TEA offices. TEA charged clients $150 to $305 for each tax year in which they filed an amended return claiming this fictitious refund. TEA clients also agreed to pay TEA fifteen to twenty-five percent of the refunds they received.

Tiari-El's daughter, Tajah Yesher-El, testified on behalf of the Defendants. During the cross-examination of Tajah, the Government sought to elicit testimony that her husband, Malik Yesher-El, was charged with the same offenses as

4

Smith and Tiari-El, and that he pled guilty. The district court initially prohibited this questioning, but upon request by the Government, reconsidered the ruling, and over the Defendants' objections, allowed the Government to question Tajah about the guilty plea. The Defendants assert that this ruling violated their rights under the Confrontation Clause.

"[E]vidence of a non-testifying co-defendant's guilty plea should not be put before the jury." United States v. Blevins, 960 F.2d 1252, 1260 (4th Cir. 1992) (citations omitted). The reasons for this restriction are that the codefendant is not present to be cross-examined about his motives for pleading guilty and the concern that the jury will consider the codefendant's guilty plea as evidence of the defendant's guilt. Id. Admission of such evidence is reviewed de novo, and a mistrial must be declared unless the court is satisfied beyond a reasonable doubt that the error was harmless. Id. at 1262.

"If for whatever reason the jury does learn that co-defendants have pled guilty, the court upon request should issue a limiting instruction to jurors." Blevins, 960 F.2d at 1260 (emphasis added). However, the Defendants did not request a limiting instruction and failed to object to the absence of one in the jury charge. The district court was not required, sua sponte, to give a limiting instruction.

5

Moreover, our review of the record leads to the conclusion that the admission of this evidence was harmless when "measured against the other evidence presented at trial." Id. at 1263 (citing Arizona v. Fulminante, 499 U.S. 279 (1991)). The Defendants asserted that they merely gathered the relevant taxpayer information and sent it to Jo El Bey in Atlanta, Georgia, who added the Forms 2439 and prepared the amended returns and submitted them to the IRS. They asserted that they did not know the actual basis upon which the refunds were requested and did not know that the refund claims were fraudulent. However, contrary to this stance, the Government presented testimony that Smith and Tiari-El personally informed clients of the ability to receive from the IRS the interest accumulated in their "master file" with the IRS. Several witnesses testified that the signatures on the filed amended tax returns, the Forms 2439, and the powers of attorney were forged. The clients were not aware of the actual basis for the refunds as stated in the amended returns. Additionally, upon executing a search warrant of TEA's offices, officials discovered hundreds of partially completed Forms 2439 and numerous computer files containing Forms 2439 which were completed and able to be attached to the refund claims.

Additionally, in March 2003, the Defendants were specifically told by an IRS criminal investigator that the tax

6

refund scheme was fraudulent. Two separate state court injunctions were imposed prohibiting Defendants from continuing to prepare amended tax returns on behalf of clients because of the fraudulent nature of the claims, and more than 400 letters were received by TEA clients rejecting the refund claims as false. Despite these events, Tiari-El and Smith continued to file false claims for tax refunds on the same basis.

When faced with this overwhelming evidence of Smith and Tiari-El's knowledge of the fraudulent nature of the refund requests and their continued conduct of the scheme after being informed that the claims were false, we conclude that the isolated reference to Malik Yesher-El's guilty plea during the five-day jury trial was harmless beyond a reasonable doubt. See Blevins, 960 F.2d at 1262.

Next, the Defendants contend that the Government failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). They contend that, at the time of their trial, the Government was preparing to arrest Jo El Bey in Georgia after a three-year investigation into his conducting the same type of tax refund scheme as that with which the Defendants were charged. They assert that the Government failed to disclose this information, and in fact, claimed that Jo El Bey did not exist and "crippl[ed] Appellants' defense."

7

The Government points out that the person who was being investigated in Georgia was Joseph Jordan. Although the Defendants assert that Jordan and Jo El Bey are the same person, there was no evidence of this. Notably, during the investigation of the Defendants, several cancelled checks written to Joseph Jordan were discovered, but none made payable to Jo El Bey.

Additionally, the investigation of Jordan was conducted by the United States Attorney's Office for Middle District of Georgia, whereas the Defendants were prosecuted in the Western District of North Carolina. There is no requirement that prosecutors in one district be aware of and disclose information in the possession of other governmental offices. See United States v. Pellullo, 399 F.3d 197, 216 (3d Cir. 2005); Kyles v. Whitley, 514 U.S. 419, 438 (1995); see also United States v. Mero, 866 F.2d 1304, 1309 (11th Cir. 1989) (holding that prosecutor in Florida not in possession of and therefore not obligated to disclose information known to prosecutors in Georgia and Pennsylvania). Because the prosecutor in the Defendants' case is not imputed with knowledge of the investigation in Georgia, no Brady violation can be shown by the Government not disclosing to the Defendants details of the investigation of Joseph Jordan.

8

The final issue in these appeals is the Government's contention that the district court's failure to order restitution in favor of the Internal Revenue Service was error. Although it is clear from our review of the record that the district court intended that restitution be made to the IRS in the amount of $1,394,474.67 — the amount paid on the false claims submitted by clients of TEA — the court failed to order restitution in the Judgment and Commitment Orders. Rather, the court ordered restitution in the amount of $244,287.86 for the individual victims who were clients of Tiari-El and Smith. Based on its concern over the IRS recouping the money paid to taxpayers under this fraudulent scheme, the court decided to wait for an accounting of monies recovered before imposing the restitution award. While this is a legitimate concern, the failure to award restitution to the IRS, a victim of the Defendants' fraudulent scheme, violates the Mandatory Victims Restitution Act of 1996. 18 U.S.C.A. § 3663A(a)(1) (West 2000 & Supp. 2010); United States v. Roper, 462 F.3d 336, 338 (4th Cir. 2006); see also United States v. Ekanem, 383 F.3d 40, 42-44 (2d Cir. 2004) (holding that government may be an eligible victim).

Further, the Act provides, "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."

9

18 U.S.C. § 3664(f)(1)(B) (2006) (emphasis added). Rather, the Act provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in any Federal or State civil proceeding." See 18 U.S.C. § 3664(j)(2) (2006). Thus, despite the fact that the IRS may recoup some of its losses from the taxpayers who received refunds under TEA's scheme, the district court erred by failing to order restitution to the IRS in the full amount of its losses, with the amount to later be reduced by amounts recouped from taxpayers. See United States v. Ruff, 420 F.3d 772, 775 (8th Cir. 2005) (discussing mandatory nature of restitution award and the bar against double recovery); United States v. Scott, 270 F.3d 30, 52 (1st Cir. 2001) (interpreting restitution order entered in fraudulent tax return case as allowing government to recover the total amount of restitution from any of several individual defendants, but restricting total recovery to amount of loss).

Accordingly, while we affirm Tiari-El's and Smith's convictions, we vacate the judgments in part and remand the cases to the district court for the limited purpose of ordering restitution in favor of the IRS. We dispense with oral argument because the facts and legal contentions are adequately presented

10

in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
