**UNITED STATES of America,**

v.

**Henry Washington YEH, Defendant.**

**Case No. 1:13-cr-378-GBL**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed August 9, 2016

## ORDER

Gerald Bruce Lee, United States District Judge

THIS MATTER is before the Court on the Government's Motion for Entry of Restitution Order (Doc. 134). This case arises from the terms of Defendant Henry Washington Yeh's ("Defendant") supervised release following his conviction of subscribing to false tax returns on February 26, 2014. The Government asserts that Defendant is required to pay $210,135.00 in restitution to the Internal Revenue Service (IRS) for "the tax liability resulting from [D]efendant's receipt of illegal drug proceeds." (Doc. 133, 7). Defendant maintains that the Government has already ·seized bank accounts and property far exceeding his alleged drug proceeds, and as such under the Mandatory Victim Restitution Act (MVRA) Defendant should be entitled· to credit those forfeited funds to offset the restitution award. The issue before the Court is whether to grant or deny the Government's motion where the Defendant's forfeited funds were distributed to several distinct government agencies, and the value of Defendant's forfeited account appreciated due to Defendant's commingling of legitimate funds with his drug proceeds. The Court **GRANTS** the Government's Motion for Entry of Restitution Order (Doc. 134) for two reasons. First, awarding restitution in full to the IRS will serve to make the victim whole and will not amount to a double recovery. Second, property subject to forfeiture is forfeited in full, including any appreciation in value over time.

## I. BACKGROUND

On December 12, 2010, Defendant pled guilty to conspiracy to distribute marijuana in the Eastern District of Pennsylvania. (Doc. 128, 2). Defendant was sentenced to

Kimberly Riley Pedersen, United States Attorney's Office, Alexandria, VA, for United States of America.

fifteen months incarceration, a $50,000 fine, and four years of supervised release. *Id.* According to the Government's calculation, Defendant's actual gross income from drug proceeds was $810,000.00. (Doc. 119). The Government also determined the tax loss from that income to be $210,135.00, which this Court adopted for purposes of calculating the base offense level in this case. *Id.* This tax loss is the subject of the Government's motion. *See* Doc. 129, 7; *see also* Doc. 128, 5.

On December 28, 2010, the Government seized Defendant's Charles Schwab account, containing $917,086.88. (Doc. 128-1. 1). Defendant maintains that the Schwab account represented an initial investment of $200,000 from his drug proceeds, while the remaining $717,086.88 resulted from "extremely favorable appreciation as a result of Mr. Yeh's insightful and skilled stock trading." *Id.* Defendant asserts that by seizing his entire Schwab account, the Government received additional non-drug proceeds amounting to $717,086.88, funds that could have been used to pay Defendant's outstanding tax obligations as well as other obligations. *Id.* Defendant alleges that the total forfeitures in this case, in addition to the $717,086.88 seized on December 28, 2010, include real property at 513 Florida Avenue, NW, Washington DC,[1] real property at 22646 Upperville Heights Square, Ashburn, VA,[2] a 2007 gray Acura SUV, and "$100,000 in cash." (Doc. 128, 5).

On February 26, 2014, Defendant appeared before this Court and entered a guilty plea to Count 19 of the pending indictment charging him with subscribing to false tax returns, in violation of 26 U.S.C. § 7206(1). (Doc. 72). The remaining counts were dismissed pursuant to the terms of a written plea agreement. (Docs. 74-75). At sentencing on May 9, 2014, Defendant objected to the amount of tax loss and to the issuance of a restitution order (Doc. 116). This Court sentenced Defendant to 27 months in the Bureau of Prisons and 1 year of supervised release with a number of conditions, including the payment of restitution at a monthly rate of $150 per month until paid in full. (Docs. 116, 124). At sentencing, Defendant's counsel raised the issue of whether he should be required to pay restitution in light of the forfeitures in the related civil case. (Doc. 129, 1). This Court ordered briefs by both parties to be filed by May 16, 2014, and instructed that no reply briefs would be allowed. (Docs. 116, 124). The Government filed its brief on May 16, 2014, while Defendant did not file his brief until May 21, 2014. (Docs. 127, 128). The Government subsequently filed a Motion to File Reply (Doc. 129) on May 27, 2014, arguing that it should be entitled to reply to Defendant's brief because Defendant "so cavalierly ignored the Court's deadline." (Doc. 129, 1). Alternatively, the Government asserted that should this Court decline the Government's motion, this Court should strike Defendant's brief (Doc. 128) for failure to comply with May 16, 2014 deadline. *Id.* at 1-2. On June 8, 2014, this Court granted the Government's motion and allowed the Government to file a reply brief. *See* Doc. 131.

On October 20, 2015, the Government submitted a reply brief in support of its proposed entry of restitution (Doc. 133), clarifying that while the substance of the reply was contained in the initial Motion for Leave to File a Reply Brief (Doc. 129), the pleading was not unambiguously captioned as such. *See* Doc. 133, 1. The Gov-

---

1. http://www.zillow.eom/homedetails/515-Florida-Ave-NW-Washington-DC-20001/479624_zpid/

2. http://www.zillow.com/homedetails/22646-Upperville-Heights-Sq-Ashbum-VA-20148/68457759_zpid/

ernment's reply brief specifically adopts and incorporates by reference the arguments and legal authority previously set forth in its motion for leave. *Id.* The United States Probation Office contacted the Government to advise that Defendant has served his sentence at the Bureau of Prisons and is currently on supervised release. (Doc. 134, 2). The Government's motion for restitution is now properly before this Court.

### STANDARD OF REVIEW

■ Restitution awards under the MVRA are implemented and enforced according to the provisions of 18 U.S.C. § 3664. *See* 18 U.S.C. § 3664a; *see also* 18 U.S.C. § 3664(A)(d) (providing that an order of restitution under 18 U.S.C. § 3664a "shall be issued and enforced in accordance with section 3664"). § 3664 provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court." § 3664(f)(1)(A). The purpose of the MVRA is, "to the extent possible, to make victims whole, to fully compensate victims for their loss, and to restore victims to their original state of well-being." *United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir.2000); *see also United States v. Alalade*, 204 F.3d 536, 539 (4th Cir.2000) (directing district courts to order restitution in the full amount of each victim's loss, without consideration of the economic circumstances of the defendant). Therefore, restitution does not permit recovery above a victim's actual loss. *United States v. Quillen*, 335 F.3d 219, 222 (3d Cir.2003) (explaining that district courts must order restitution under the MVRA so long as defendant is not required to compensate the victim for more than the victim's actual sustained loss).

### II. ANALYSIS

The Court **GRANTS** the Government's Motion for Entry of Restitution Order (Doc. 134) for two reasons. First, awarding restitution in full to the IRS will serve to make the victim whole and will not amount to a double recovery. Second, property subject to forfeiture is forfeited in full, regardless of any appreciation in value over time.

In his brief, Defendant asserts that "the entity benefitting from the forfeiture, and the entity who suffered a loss are the same—the federal government." (Doc. 128, 4). As such, Defendant maintains that it is improper to allow the Government to benefit from restitution where the funds it recovered from forfeiture far exceeded the amount of restitution. *Id.* at 2-3. Alternatively, Defendant argues that the MVRA does not allow the Government to benefit from appreciation in the value of forfeited funds because the MVRA's purpose is to make the victim whole, and prohibits overcompensation of the victim.

In its reply brief, the Government makes two arguments. First, the Government maintains that forfeiture and restitution serve two distinct goals, and that the majority of circuits, including the Fourth Circuit, have held that the imposition of both generally does not constitute a double recovery. Second, the Government asserts that Defendant's property was subject to forfeiture in full, and as such the appreciation of the value of Defendant's property is immaterial.

**A. Defendant is Not Entitled to Use Forfeited Funds to Offset A Separate Restitution Order.**

*1. Forfeiture and restitution are two distinct forms of punishment, serving two different goals; therefore requiring both generally does not amount to double recovery.*

■ 28 U.S.C. § 2461 mandates that "[i]f the defendant is convicted of the of-

fense giving rise to the forfeiture, the court *shall* order the forfeiture of the property as part of the sentence in the criminal case ..." 28 U.S.C. § 2461(c). Thus, the plain text of the statute indicates that forfeiture is not a discretionary element of sentencing, but rather is required when the relevant prerequisites are satisfied. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir.2014) (citing *United States v. Torres*, 703 F.3d 194, 204 (2d Cir.2012). The Fourth Circuit further noted in *Blackman* that "forfeiture is mandatory *even when restitution is also imposed.*" 746 F.3d at 143 (emphasis added). This is because the two aspects of a defendant's sentence serve distinct purposes: "restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer." *Id.*; *see also United States v. O'Connor*, 321 F.Supp.2d 722, 729 (E.D.Va.2004) (Ellis) ("It is important to note that forfeiture and restitution ... serve separate and distinct goals."). Although the Fourth Circuit has not explicitly addressed whether and under what circumstances forfeiture and restitution amount to a double recovery, *see United States v. Alalade*, 204 F.3d 536, 537 (4th Cir.2000) (affirming the imposition of both forfeiture and restitution without addressing their interrelation), at least "[e]ight other circuits have considered orders of forfeiture and restitution in the face of 'double recovery,' due process-type challenges and have affirmed their concurrent imposition." *Torres*, 703 F.3d at 204 (listing cases). Therefore, the majority of courts agree that "restitution and forfeiture are distinct remedies" and therefore, "ordering both in the same or similar amounts does not generally amount to double recovery." *United States v. McGinty*, 610 F.3d 1242, 1247 (10th Cir.2010).

Courts have also relied on the plain language of the MVRA to hold that a district court does not have discretion in reducing a restitution award in relation to the value of funds already forfeited. *See Alalade*, 204 F.3d at 540 (concluding that the plain language of the MVRA, as compared to the Victim Witness Protection Act, *does not grant the district court to reduce a restitution award by the value of property subject to administrative forfeiture*); *see also United States v. Martinez*, 610 F.3d 1216, 1232 (10th Cir.2010) ("Convinced by the reasoning of our sister circuits, we conclude that the plain language of the MVRA ... prohibits a district court from considering the value of defendant's forfeited property in initially determining the full amount of restitution.").

■ Here, Defendant contends that the amount of restitution he owes should be reduced, simply because the Government has already seized his forfeited funds. More precisely, Defendant maintains that he is entitled to reduction in the restitution payment to the IRS because of the value of Defendant's property already forfeited to the Government. However, the Fourth Circuit follows the general rule that forfeiture and restitution are two *distinct* forms of punishment that serve different goals, and thus, do not generally offset each other. *See Blackman*, 746 F.3d at 143 ("restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer."). In other words, as noted in *O'Connor*, funds seized by forfeiture and those ordered for restitution are completely separate forms of punishment and thus, the fact that Defendant pays one, does not negate his duty to pay another. *See O'Connor*, 321 F.Supp.2d at 729. In light of this, Defendant has no right to use forfeited funds to satisfy an additional restitution obligation.

*2. Courts only allow forfeiture to offset restitution in narrow circumstances, none of which are applicable here.*

■ Although courts have routinely recognized that forfeiture and restitution

awards serve distinct purposes, some courts have allowed for the value of a defendant's forfeited funds to offset a restitution award in very narrow circumstances. Specifically, courts have found offsetting restitution by the value of a defendant's forfeited funds is appropriate when to impose both would serve to overcompensate the victim.

In *United States v. Smith*, the court addressed this very issue, finding that the defendant was entitled to offset the total restitution amount by the value of his forfeited property because the victim, a private company, had already been partially compensated directly from defendant's forfeited property through the Department of Justice's remittance program. 297 F.Supp.2d 69, 73 (D.D.C.2003) (finding that *Alalade* did not conflict nor constrain the court's decision). The Fourth Circuit has remained intentionally silent on whether district courts should consider the value of forfeited funds as offsetting a restitution award when the victim is compensated through a remittance program by the defendant's administratively-forfeited funds. *See Alalade*, 204 F.3d at 541 n. 5 (declining to express an opinion on whether a victim's compensation through cash or property through remittance or administrative forfeiture would offset the amount of restitution)

Where, as here, the government is the purported beneficiary of both the restitution and forfeiture awards, courts have taken different approaches as to whether forfeiture can offset restitution. While some courts focus analysis on whether the same government entity will receive both the forfeiture and the restitution order, other courts find such a distinction immaterial. *Compare United States v. Taylor*, 582 F.3d 558, 566 (5th Cir.2009) (finding that both forfeiture and restitution to the government was not a double recovery because the agency receiving restitution was

a distinct entity from the Department of Justice that received the defendant's forfeited funds), *and United States v. Emerson*, 128 F.3d 557, 567–68 (7th Cir.1997) (rejecting the defendant's argument that restitution to the United States Postal Service and forfeiture to the United States Department of Justice was a double recovery because the two government agencies were distinct entities), *with United States v. Davis*, 706 F.3d 1081, 1084 (9th Cir. 2013) ("Even if the same government entity will receive both forfeiture and restitution, there simply is no double recovery."). However, in *United States v. Ruff*, the Eighth Circuit concluded that the bar against over-compensation operated to prevent the same government agency from obtaining both forfeiture and restitution from the defendant. 420 F.3d 772, 776 (8th Cir.2005) ("If [defendant] can establish the Iowa Division of Narcotics Enforcement (DNE) received any forfeiture funds, the district court shall modify the restitution order to prevent double recovery by the Iowa DNE.").

Here, Defendant has failed to show that an exception to the general rule is applicable. While Defendant is correct in noting *Alalade* intentionally remained silent on whether offset of restitution is appropriate when the government is the beneficiary of both the restitution and forfeiture, the majority view of other courts is that such offset is not appropriate when the beneficiaries are distinct governmental entities. In *Taylor* and *Emerson*, the Fifth and Seventh Circuits respectively adopted the rule that when the recipient of the administrative forfeiture and the restitution order are two distinct governmental entities, there is no potential for double recovery, and offsetting the restitution amount by the value of forfeiture is impermissible. *See Taylor*, 582 F.3d at 566 (FEMA, under the control of the Department of Homeland Security, is a distinct entity from the

Department of Justice); *see also Emerson,* 128 F.3d 557 at 567 ("contrary to [defendant's] contentions, the [United States] Postal Service is an entity distinct from the DOJ"). Both courts respectively reasoned that to offset restitution would violate the plain terms of the MVRA, which requires restitution to be determined in the amount of the actual victim's losses. *See* § 2664(f)(1)(A). The Ninth Circuit went as far as to label any such inquiry immaterial, stating that because forfeiture and restitution serve different purposes, "[e]ven if the same government entity will receive both forfeiture and restitution there simply is no double recovery." *Davis,* 706 F.3d at 1084.

This Court need not state which view is correct, because under either approach restitution is not subject to offset. As the Government notes, there are two different federal government agencies involved in the money laundering investigation, the Drug Enforcement Administration (DEA) and the IRS, as well as a state agency, the Fairfax Police Department. *See* Doc. 129, 5. Thus, the government agencies in this case are distinct, even spanning different levels of government. Although the IRS would stand to benefit from the restitution order and the partial forfeiture, forfeiture funds would ultimately be transferred and used for law enforcement purposes whereas money collected as restitution for Defendant's tax debt would be subject to the general treasury fund. *See* 31 U.S.C. § 9703 (requiring forfeited funds to be directed to the Treasury's Asset Forfeiture Fund); *see also* 28 U.S.C. § 524 (requiring transfer of forfeited funds from the Department of Justice Asset Forfeiture Fund). As in *Taylor* and *Emerson,* to offset the restitution order to the IRS here because of forfeited funds going to distinct government agencies would result in violating the plain terms of the MVRA requiring the actual victim to be made whole.

Moreover, Defendant's supporting cases are readily distinguishable from the case at bar. In *Ruff,* the Iowa Division of Narcotics Enforcement (DNE), was unambiguously the only beneficiary of Defendant's forfeiture and restitution order. Therefore, *Ruff* is best seen as standing for the limited proposition that a government agency may not be the sole beneficiary of forfeiture and restitution, something clearly not present in this case. *See Ruff,* 420 F.3d at 776 ("If [defendant] can establish the Iowa DNE received any forfeiture funds, the district court shall modify the restitution order to prevent double recovery by the Iowa DNE."). Here, there are multiple distinct government agencies spanning different levels of government involved in this case, each laying claim to a portion of Defendant's forfeited property and funds. *See* Doc. 129, 5. Furthermore, on remand the district court in *Ruff* concluded that the forfeited funds went to a separate and distinct agency from the Iowa DNE to whom restitution was awarded, thereby negating any suggestion of a double recovery. *United States v. Ruff,* 2006 WL 274433 *3 (N.D.IA. Feb. 2, 2006), *aff'd,* 472 F.3d 1044 (8th Cir.2007). Therefore, *Ruff* is not only distinguishable from the case at bar, but actually is in concert with the Fifth and Seventh Circuits' approach stating that if the beneficiaries of the forfeiture and restitution awards are distinct government agencies, there is no double recovery.

Defendant also relies on *Smith,* which is also distinguishable from the case at bar. In *Smith,* the court noted that it was dealing with the narrow issue of whether a district court "has the discretion to offset the amount of restitution with the administratively-forfeited funds *that the government remitted to the victim.*" 297 F.Supp.2d at 72 (emphasis added). The victim, a non-government entity, had already received partial compensation by

Defendant's forfeited funds through the Department of Justice's remittance program. *Id.* at 71. Therefore, the *Smith* court correctly concluded that *Alalade* did not preclude it from finding double recovery, and that offsetting the restitution award by the amount already paid to the victim through remittance was necessary to prevent the victim from being overcompensated. *Id.* at 73. However, *Smith* is inapplicable because the victim in *Smith* had clearly received forfeited funds, whereas in the present case Defendant's forfeited funds have been spread out amongst multiple government agencies.

Therefore, the Court holds that imposing the restitution order in the present case does not amount to a double recovery because Defendant generally has no right to use forfeited funds to satisfy an additional restitution obligation, and none of the narrow exceptions are applicable here.

**B. The Government Seized Defendant's Appreciated Funds Because They Were Comingled with Defendant's Illegitimate Funds and Thus, Connected with Illegal Activity.**

■ The Court also holds Defendant's argument that he should be entitled to the appreciation in value of his forfeited property without merit because the Government is entitled to the increase in value of the forfeited property in full. The Fourth Circuit has held that funds and property traceable to the defendant's act triggering forfeiture are subject to forfeiture in full, regardless of whether legitimate funds are intermixed or commingled. *See United States v. Santoro*, 866 F.2d 1538, 1542 (4th Cir.1989) (holding all property connected with the facilitation of illegal activity was forfeitable); *see also United States v. One 1987 Mercedes Benz*, 820 F.Supp. 248, 252–53 (E.D.Va.1993) ("When, as here, [commingling of funds] occurs, the entire property, including the legitimate funds, is sub-

ject to forfeiture"). In *One 1987 Mercedes Benz*, the court specifically noted that "[i]t often happens that wrongdoers knowingly commingle legitimate funds with property obtained through a specified unlawful activity. Indeed, wrongdoers often use the cover afforded by commingled legitimate funds to facilitate the laundering offense." 820 F.Supp. at 252. The court went on to find that all of defendant's funds were subject to forfeiture. *Id.*

Other courts have reached the same conclusion. In *United States v. Hawkey*, the defendant alleged that the district court had erred by failing to adjust the total funds subject to forfeiture by the value he had personally added to his property. 148 F.3d 920, 928 (8th Cir.1998). The court concluded that the entire property was subject to forfeiture because "irrespective of whether the increased value to the converted property is the result of wise investment, personal effort by [the defendant], or by adding [defendant]'s personal untainted funds," the converted property was traceable to the unlawful monetary transaction. *Id.*; *see also United States v. One Single Family Residence Located at 15603 85th Avenue*, 933 F.2d 976, 981 (11th Cir.1991) ("any amount of the invested proceeds traceable to drug proceed forfeits the entire property.").

In the present case, these same principles undermine Defendant's argument. Defendant contends that while his Schwab account represented an initial investment of $200,000 of allegedly illegitimate drug proceeds, the remaining $717,086.88 were the result of "extremely favorable appreciation as a result of [Defendant]'s insightful and skilled stock trading." Doc. 128, 2. This type of commingling is precisely what the courts in *Santoro* and *One 1987 Mercedez Benz* cautioned against, and Defendant should not be permitted to benefit from additional legitimate funds by using illegit-

imate funds traceable to drug proceeds. *See Santoro*, 866 F.2d at 1542; *see also One 1987 Mercedes Benz*, 820 F.Supp. 248, 252-53 ("When, as here, [commingling of funds] occurs, the entire property, including the legitimate funds, is subject to forfeiture"); *Hawkey*, 148 F.3d 920, 928 (finding defendant's own personal efforts and wise investment into his property immaterial to the determination that defendant forfeited his property in full).

In light of the foregoing, the Court GRANTS the Government's Motion for Entry of Restitution Order and holds that the Government is entitled to Defendant's forfeited funds in full because all legitimate funds commingled and intermixed with illegitimate funds are subject to forfeiture in full.

### CONCLUSION

The Court grants the Government's motion for two reasons. First, awarding restitution in full to the IRS will serve to make the victim whole and will not amount to a double recovery. Second, property subject to forfeiture is forfeited in full, regardless of any appreciation in value.

Accordingly, it is hereby,

**ORDERED** that the Government's Motion for Entry of Restitution Order (Doc. 134) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant pay the Internal Revenue Service (IRS) $210,135.00 jointly and severally with codefendants Zhi Hua Wang Yeh (1:13cr378-002) and Jimmy An-Twig Yeh (1:13cr378-003) for the tax liability resulting from Defendant's receipt of illegal drug proceeds.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward all restitution payments to: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, Missouri 64108.

**IT IS FURTHER ORDERED** that interest is waived.

**IT IS FURTHER ORDERED** that if restitution is not paid in full immediately, Defendant shall pay to the Clerk at least $150.00 per month, beginning 60 days after release from imprisonment, until paid in full.

**IT IS FURTHER ORDERED** that all payments shall be made to the Clerk of Court, United States District Court, 401 Courthouse Square, Alexandria, Virginia 22314.

**IT IS FURTHER ORDERED** that within 30 days of (a) any change of name, residence, or mailing address; and (b) any material change in economic circumstances that affects the ability to pay restitution, Defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**